CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
MICHAEL D. NAMMAR
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Emails:      Craig.Nolan@usdoj.gov
              Michael.Nammar@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 14 2022

at 10 o'clock and 55 min. AM オッ
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 21-00037 DKW |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) DATE: |
| JASON DADEZ, | ) TIME |
| | ) JUDGE: |
| Defendant. | ) |
| | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, JASON DADEZ, and his attorney,

Catherine Gutierrez, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Sections 1343 and 1346.

2.      The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Counts 1 and 3 of the Indictment, which charge him with honest services wire fraud.   In return, the government agrees to move to dismiss Count 2 of the Indictment as to the defendant after sentencing.

5.      The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.      The defendant enters this plea because he is in fact guilty of honest services wire fraud as charged in Counts 1 and 3 of the Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

2

## PENALTIES

7.    The defendant understands that the penalties for the offenses to which he is pleading guilty include:

a.    As to Counts 1 and 3, a term of imprisonment of up to 20 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

b.    In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.    **Forfeiture.**   Pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461, forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

3

## FACTUAL STIPULATIONS

8.    The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

a.    From approximately 2012 through September 2020, defendant was employed by the Department of Planning and Permitting ("DPP") of the City and County of Honolulu (Hawaii) initially as a Clerk and subsequently as a Building Inspector.   During the employment, defendant engaged in a scheme to secretly use his official position to enrich himself by taking bribes in exchange for official actions.   As an employee of DPP, defendant owed a fiduciary duty to DPP and the citizens of the City and County of Honolulu.   In implementing the scheme, defendant acted with the intent to defraud by depriving DPP and the citizens of the City and County of Honolulu of their right to honest services from defendant.

b.    In or about 2020, in furtherance of the scheme, defendant took a bribe from an architect/third-party reviewer and the architect's client, who owned a multi-family residence on Ala Wai Boulevard.   In exchange for $1,000, defendant provided favorable official action on behalf of the residence owner by nullifying in the DPP violation system a building code violation issued in connection with a renovation of the owner's residence on Ala Wai Boulevard.   On behalf of the

4

residence owner, the architect paid the bribe to defendant in United States
currency.   In furtherance of the scheme, on or about January 22, 2020, defendant
caused the transmission of an interstate wire communication by sending a text
message from his cellular telephone in Hawaii to the architect concerning the
residence on Ala Wai Boulevard.   Before being received by the architect, the text
message traveled through servers or switches on the mainland of the United States.

       c.      From in or about June 2017 to in or about July 2017, in
furtherance of the scheme, defendant took bribes from the owners of a restaurant in
Waipahu.   In exchange for two bribes of $1,000 each, defendant provided
favorable official action on behalf of the restaurant owners by processing two
applications associated with a wall sign for the restaurant.   Each bribe was paid to
defendant in the form of a check for $1,000 drawn on the Hawaii bank account of
the restaurant owners.   By depositing each check into his account at a credit union
in Hawaii, defendant caused the transmission of an interstate wire communication
for the clearing and payment of each check by an electronic funds transfer through
the Automated Clearing House ("ACH") network.   In connection with the ACH
payment, the electronic funds transfer communication traveled through servers on
the mainland of the United States.

d.      From in or about January through September 2012, in the furtherance of the scheme, defendant took bribes from a solar contractor.   In exchange for the bribes, defendant provided favorable official action on behalf of the contractor by processing solar project permit applications.   Defendant also drafted such applications in whole or in part.   Defendant took a $100 bribe for each photovoltaic solar panel permit application, and $25 for each solar hot water permit application, totaling at least $9,900 in bribes from the solar contractor, who paid the bribes in cash and by check drawn on his account at a Hawaii bank.   By depositing each check into his account at a credit union in Hawaii, defendant caused the transmission of an interstate wire communication for the clearing and payment of each check by an electronic funds transfer through the ACH network. In connection with the ACH payment, the electronic funds transfer communication traveled through servers on the mainland of the United States.

e.      Defendant concealed his scheme from DPP and the citizens of the City and County of Honolulu by taking some bribes in cash, using a personal cell phone for communications with persons who paid him bribes, and using a personal email address for communications with persons who paid him bribes, and by his failure to inform DPP of the bribes received by him in exchange for his provision of favorable official action on behalf of persons who paid him bribes.

6

9.     Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

b.      The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.    The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.    The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

9

b.      If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c.      The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

a.      The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to

10

truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also

authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

      c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **FORFEITURE**

15.    As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the defendant agrees as follows:

      a.    The defendant consents to the entry of a money judgment in the amount of $12,900 in United States currency.   The defendant acknowledges that $12,900 is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such offense.

      b.    The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant waives all

constitutional, legal, and equitable defenses to the entry of and collection of the

Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives

any right to a jury trial on the forfeiture of property.

        c.     The defendant agrees to consent promptly upon request to the

entry of any orders deemed necessary by the government or the Court to complete

the forfeiture and disposition of the property.   The defendant waives the

requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure

regarding notice of forfeiture in the charging instrument, announcement of

forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The

defendant acknowledges that he understands that the forfeiture of the property, if

the government elects to conduct the forfeiture criminally, will be part of the

sentence imposed upon the defendant in this case and waives any failure by the

Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal

Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule

32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to

the Forfeiture Money Judgment becoming final as to the defendant when entered.

        d.     The defendant understands that the forfeiture of the forfeitable

property does not constitute and will not be treated as satisfaction, in whole or in

part, of any fine, restitution, reimbursement of cost of imprisonment, or any other

monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

          e.      The defendant represents and agrees that, within the meaning of 21 U.S.C. § 853(p), the Forfeiture Money Judgment amount, $12,900, represents property subject to forfeiture that, as a result of any act or omission of the defendant,

          (A) cannot be located upon the exercise of due diligence;

          (B) has been transferred or sold to, or deposited with, a third party;

          (C) has been placed beyond the jurisdiction of the court;

          (D) has been substantially diminished in value; or

          (E) has been commingled with other property which cannot be divided without difficulty.

          f.      Payment of the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check payable to the United States Marshals Service.  On or before the date he enters his plea of guilty pursuant to this agreement, the defendant shall cause said check to be hand-delivered to the Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK Federal Building, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850, with the criminal docket number noted on the face of the check.

g.     If the Forfeiture Money Judgment is not paid on or before the date the defendant enters his plea of guilty pursuant to this agreement, interest shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

16.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is

15

unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.   The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the

16

defendant is presumed innocent, and that it could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

        c.      If the trial is held by a judge without a jury, the judge would

find the facts and determine, after hearing all the evidence, whether or not he or

she was persuaded of the defendant's guilt beyond a reasonable doubt.

        d.      At a trial, whether by a jury or a judge, the prosecution would

be required to present its witnesses and other evidence against the defendant.   The

defendant would be able to confront those prosecution witnesses and his attorney

would be able to cross-examine them.   In turn, the defendant could present

witnesses and other evidence on his own behalf.   If the witnesses for the defendant

would not appear voluntarily, the defendant could require their attendance through

the subpoena power of the Court.

        e.      At a trial, the defendant would have a privilege against

self-incrimination so that he could decline to testify, and no inference of guilt

could be drawn from his refusal to testify.

      19.     The defendant understands that by pleading guilty, he is waiving all of

the rights set forth in the preceding paragraph.   The defendant's attorney has

explained those rights to him, and the consequences of the waiver of those rights.

17

## **USE OF PLEA STATEMENTS**

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.     The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

18

22.   The defendant and his attorney acknowledge that, apart from any

written proffer agreements, if applicable, no threats, promises, agreements or

conditions have been entered into by the parties other than those set forth in this

Agreement, to induce the defendant to plead guilty.   Apart from any written

proffer agreements, if applicable, this Agreement supersedes all prior promises,

agreements or conditions between the parties.

23.   To become effective, this Agreement must be signed by all signatories

listed below.

24.   Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

AGREED:

JUDITH A. PHILIPS                                       Dated: 11/1/2021
Acting United States Attorney


CRAIG S. NOLAN                                          Dated: 2/3/22
MICHAEL D. NAMMAR
Assistant U.S. Attorneys


_____                                Dated: _____
JASON DADEZ
Defendant


_____                                Dated: _____
CATHERINE GUTIERREZ
Attorney for Defendant

19

22.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23.     To become effective, this Agreement must be signed by all signatories listed below.

24.     Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

_____          Dated: _____
JUDITH A. PHILIPS
Acting United States Attorney

_____          Dated: _____
CRAIG S. NOLAN
MICHAEL D. NAMMAR
Assistant U.S. Attorneys

_____          Dated: 2/3/2022
JASON DADEZ
Defendant

_____          Dated: 2/3/2022
CATHERINE GUTIERREZ
Attorney for Defendant

19